UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| AUSTIN BLACK ELK; MICHAEL DEWAYNE PERSEKE; MICHAEL WHIPPLE; SHANNON D. HOLLIE; MARK DUNKER; GARY SPICER; RODNEY THUNDERCLOUD; THOMAS MILTON; JUSTIN JACOBSON; AUSTIN KINGBIRD; NICK OLSON; GUY I. GREEN; JAMIE ALLEN ANDREWS; TERRANCE L. HOLLIDAY; and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS ROY; EMILY JOHNSON PIPER; NANCY JOHNSTON; LORI SWANSON; MINNESOTA ATTORNEY GENERAL; MINNESOTA SENTENCING COMMISSION; and JANE AND JOHN DOES, in their official and individual capacities,<br><br>Defendants. | Case No. 18-CV-3255 (DWF/LIB)<br><br>REPORT AND RECOMMENDATION |

This matter comes before the undersigned United States Magistrate Judge upon routine supervision of the cases that pend before the Court pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Plaintiffs' collective Application to Proceeds in forma pauperis. [Docket No. 2].

Fourteen patients of the Minnesota Sex Offender Program bring this lawsuit alleging that their ongoing commitments, and the procedures by which those commitments were effected, violate their constitutional rights. The decision to prosecute this matter as one lawsuit with fourteen plaintiffs creates needless procedural complexities that are likely to impede the expedient administration of justice. It is therefore recommended that this matter be split into fourteen separate

1

proceedings—one for each plaintiff. See, Acevedo v. Allsup's Convenience Stores, Inc., 600 F.3d 516, 521 (5th Cir. 2010) (noting that "district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness," even where standard for joinder under Rule 20 of the Federal Rules of Civil Procedure is otherwise met. (citations omitted)). For several reasons, the undersigned finds this to be the best course of action "to secure the just, speedy, and inexpensive determination of" this action. See, Fed. R. Civ. P. 1.

First, each of the fourteen litigants has applied for in forma pauperis ("IFP") status. But it appears from the financial documents provided to the Court that not all of the litigants independently qualify financially for IFP status. At least two of the Plaintiffs, Mark Dunker and Terry Holliday, had more than twice the amount of the $400.00 filing fee in this matter in their facility trust accounts at the time this action was filed. (See, Exhibit, [Docket No. 4-1], at 6, 11). Indeed, Holliday has nearly $3,000 from which to pay the required filing fee. (See, Id. at 11) (showing Holliday's "ending available funds" at $2,890.48). It is difficult to conclude, from the information available to the Court, that Holliday would be unable to "afford the costs of proceeding without undue hardship or deprivation of the necessities of life." Ayers v. Texas Dep't of Criminal Justice, 70 F.3d 1268, 1268 (5th Cir. 1995) (per curiam).

This creates a problem not only for Holliday, but for everyone else as well if this matter where to be permitted to proceed as one lawsuit. It is doubtful that Holliday (and perhaps other of the Plaintiffs) would be permitted to proceed without payment of the filing fee if they had brought this matter alone. If Holliday cannot proceed IFP, then none of the Plaintiffs to this litigation may proceed IFP if they are jointly prosecuting this matter. See, Anderson v. California, No. 10-cv-2216 (MMA/AJB), 2010 WL 4316996, at *1 (S.D. Cal. Oct. 27, 2010) (noting that "if multiple

plaintiffs seek to proceed *in forma pauperis*, each plaintiff must qualify for IFP status."). But some of the litigants would qualify financially for IFP status, at least when their applications are examined separately from the group. Severing the plaintiffs into separate lawsuits will permit those litigants who are entitled to proceed IFP to do so.

Second, Plaintiffs present this action as a traditional civil lawsuit brought under 42 U.S.C. § 1983. At the pleadings' core, however, Plaintiffs appear to be challenging the fact or duration of their confinement. The Eighth Circuit has instructed that while challenges to the conditions of confinement may be raised in civil complaints, challenges to the validity or length of detention should be brought in a petition for a writ of habeas corpus. See, Spencer v. Haynes, 774 F.3d 467, 469–70 (8th Cir. 2014). Moreover, although plaintiffs seek both habeas corpus relief (release from detention)[1] and civil relief (monetary compensation), see, Compl., [Docket No. 1], at 5, the request for civil monetary relief is likely a non-starter until habeas relief first is granted in light of the doctrine set forth in Heck v. Humphrey, 512 U.S. 477, 486–87 (1994); accord McHorse v. Minnesota, No. 13-cv-0837, 2013 WL 2383603, at *2 (D. Minn. May 30, 2013) (collecting cases for proposition that "the principles set forth in Heck are fully applicable to . . . detainees who are confined by reason of a civil commitment, rather than a prison sentence.").

In some circumstances, the pleading of pro se litigants may appropriately be recharacterized "into the correct procedural vehicle for the claim asserted." Spencer, 774 F.3d at 470. Thus, the Court can regard a complaint filed by a pro se litigant as being a habeas corpus petition even if it is labeled otherwise. But recharacterization of the pleading here, where fourteen separate litigants seek to proceed, poses difficulties. For one thing, although the legal

---

[1] Although not expressly phrased as a request for relief from detention, plaintiffs ask for "preliminary and permanent injunctions requiring Defendants to provide all Constitutional rights to which plaintiffs . . . are entitled." (Compl., [Docket No. 1], at 52). In the context of the Complaint, it is difficult to read this in any way other than a request to be released.

claims raised by each of the litigants are identical, the facts related to each petitioner will be different, and the procedural limitations on habeas corpus petitions will apply differently to each petitioner based on those facts, requiring independent examination for each litigant just the same as if fourteen separate actions had been filed. This is why, among other reasons, "there is no authority for permitting multiple petitioners to file a single habeas petition, and doing so generally is not permitted." Odom v. Cannon, No. 5:17-cv-3022 (RMG/KDW), 2018 WL 580669, at *1 n.1 (D.S.C. Jan. 2, 2018).

For another thing, consent of the pro se litigants is required before the Court may recharacterize a pleading. See, Spencer, 774 F.3d at 471. Here, it is overwhelmingly unlikely that all fourteen Plaintiffs will agree to recharacterization of the Complaint as a habeas petition, especially as some of the Plaintiffs have already sought habeas corpus relief from the state-court judgments called into question by this matter, and thus, those litigants cannot do so again without authorization from the Eighth Circuit Court of Appeals. See, 28 U.S.C. § 2244(b). Other litigants may be barred by the applicable statute of limitations. See, 28 U.S.C. § 2244(d). And still others may want to reconsider proceeding at all if it means exhausting their one opportunity to seek habeas corpus relief without the requirement of authorization from the Eighth Circuit. Splitting this lawsuit into separate matters will allow each litigant to select how he intends to proceed, whether as civil litigation or by seeking a writ of habeas corpus, and each Plaintiff's claims can then live or die with that decision.

Accordingly, both in order to avoid needless prejudice to the litigants and to cut through some of the procedural tangles created by the pleading decision in this matter, it is recommended that this proceeding be split into fourteen lawsuits. As the first-named litigant to this proceeding,

4

Austin Black Elk may remain as Plaintiff in this matter, with each of the other thirteen Plaintiffs assigned to newly initiated proceedings.

Upon the separation of the present action into fourteen distinct actions, each of the fourteen individual Plaintiffs is required to submit a new individualized application to proceed in forma pauperis. In addition, although the Complaint filed in this matter may be used to initiate each of the thirteen new proceedings, upon the separation of the present action into fourteen distinct actions each of the fourteen individual Plaintiffs is each required to file an amended pleading that presents their individual claims specifically as they related to that individual Plaintiff.

Only upon the filing of the individual amended pleading and the individual application to proceed in forma pauperis will each of those fourteen litigants then be examined separately for IFP eligibility.[2] The Plaintiffs should also be aware that they will be permitted to challenge the fact or duration of their confinements only within the context of habeas corpus proceedings, and that any non-habeas claims necessarily dependent upon the illegality of their confinement will be barred by Heck.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. Plaintiffs Michael Dewayne Perseke, Michael Whipple, Shannon D. Hollie, Mark Dunker, Gary Spicer, Rodney Thundercloud, Thomas Milton, Justin Jacobson, August Kingbird, Nick Olson, Guy I. Green, Jamie Allen Andrews, and Terrance L. Holliday be **DISMISSED WITHOUT PREJUDICE** from this action;

2. Thirteen separate new proceedings be initiated, one each for Plaintiffs Michael Dewayne Perseke, Michael Whipple, Shannon D. Hollie, Mark Dunker, Gary

---

[2] Each of the actions will also be reviewed substantively pursuant to 28 U.S.C. § 1915(e)(2)(B) or, if construed as habeas corpus actions, under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

      Spicer, Rodney Thundercloud, Thomas Milton, Justin Jacobson, August Kingbird, Nick Olson, Guy I. Green, Jamie Allen Andrews, and Terrance L. Holliday;

3. The Complaint, [Docket No. 1], used to initiate this action be used to initiate the separate actions;

4. Each of the fourteen Plaintiffs file an amended pleading that presents their individual claims specifically as they related to that individual Plaintiff;

5. Each of the fourteen individual Plaintiffs be required to submit a new individualized application to proceed in forma pauperis in their individualized action; and

6. A copy of any Order adopting this Report and Recommendation be filed in the present case, as well as, each of the new individualized actions.


Dated: February 5, 2019                      s/Leo I. Brisbois
                                                 Leo I. Brisbois
                                                 United States Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See, Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).