UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Austin Black Elk, | Case No. 18-cv-3255 (DWF/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Paul Schnell, et al., | |
| Defendants. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Plaintiff's Applications to Proceeds in District Court Without Prepaying Fees or Costs. [Docket No. 2].

Plaintiff Austin Black Elk is civilly committed at the Minnesota Sex Offender Program ("MSOP") on the judicial finding that he is a sexually dangerous person. See, In re Civil Commitment of Black Elk, No. A13-1403, 2014 WL 349779, at *1 (Minn. Ct. App. Feb. 3, 2014). The Minnesota Court of Appeals described the circumstances leading to that commitment as follows:

> In 1992, approximately five months after his release from a South Dakota prison following a robbery and burglary conviction, appellant Austin Raymond Black Elk and two accomplices violently assaulted a woman at a social gathering in Minnesota. A jury found Black Elk guilty of first-degree criminal sexual conduct, and he was convicted and sentenced to 244 months in prison—twice the presumptive sentence. We affirmed Black Elk's conviction and sentence, noting that "[t]he evidence of Black Elk's guilt was strong" and that "Black Elk . . . treated the victim with particular cruelty." Black Elk refused sex-offender treatment while in prison.
>
> In 2006, Black Elk violated both his South Dakota parole and his supervised release in Minnesota by repeatedly contacting a young woman against her wishes, being terminated from sex-offender treatment, and getting arrested for a new sexual assault.

1

> Charges in this alleged sexual assault were pending at the time of Black Elk's commitment hearing. The district court reviewed various records relating to Black Elk's release violations and found, for purposes of the civil-commitment proceeding, that the alleged sexual assault and the repeated, unwanted contact were proved by clear and convincing evidence.
>
> In 2010, Black Elk was charged with first- and third-degree criminal sexual conduct in connection with the violent sexual assault of an acquaintance. Black Elk agreed to a stipulated-facts trial on an amended charge of fourth-degree criminal sexual conduct and was convicted. He was sentenced to 45 months in prison.

In re Civil Commitment of Black Elk, No. A13-1403, 2014 WL 349779, at *1 (Minn. Ct. App. Feb. 3, 2014) (quoting State v. Black Elk, No. CO-93-550, 1993 WL 459824 (Minn. Ct. App. Nov. 9, 1993)).

As relevant here, two legal consequences (other than the terms of imprisonment and civil commitment imposed on Black Elk) followed from Black Elk's criminal convictions. First, Minnesota law requires that persons convicted of sexual offenses be sentenced to a mandatory ten-year or lifetime term of conditional release, depending upon the circumstances of the conviction. See, Minn. Stat. § 609.3455, subds. 6–7. Second, Minnesota law requires that persons convicted of sexual offenses register with the State and regularly provide information regarding addresses, work location, vehicles owned, and so on; failure to register or provide accurate information is a criminal offense. See, Minn. Stat. § 243.166.

In the present action, Black Elk challenges the legality of the conditional release and registration statutes. Black Elk did not pay the filing fee for this matter, but instead applied for *in forma pauperis* ("IFP") status. (See, IFP Application [Docket No. 2]). That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review, this Court concludes that Black Elk qualifies financially for IFP status. Nevertheless, an IFP application will be denied, and an action will be dismissed, when an IFP

2

applicant has filed a complaint that fails to state a cause of action on which relief may be granted. See, 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); Carter v. Schafer, 273 F. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. Aten v. Scottsdale Ins. Co., 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." Id. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. See, Ashcroft v. Iqbal, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. See, Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

As an initial matter, Black Elk seeks relief under "the Bane Act" which is presumably a reference to the Tom Bane Civil Rights Act, Cal. Civ. Code § 52.1. (See, e.g., Amended Compl., [Docket No. 11], at ¶ 2). However, Black Elk is a civil detainee of the State of Minnesota seeking relief exclusively from Defendants sued in their official capacities as agents of the State of Minnesota. It is therefore difficult to see what relevance a California statute might have to these proceedings.[1]

---

[1] Additionally, any claims under California law do not raise a federal question of law, see, 28 U.S.C. § 1331, and there is no reason to believe from the Amended Complaint that the parties are of diverse citizenship, see, 28 U.S.C. § 1332(a), and thus this Court lacks original jurisdiction over any claims brought pursuant to state law.

More relevant are Black Elk's claims that the conditional release and registration statutes violate his federal constitutional rights. However, Black Elk's claims regarding his federal constitutional rights are nevertheless insufficiently pleaded and should be dismissed.

Black Elk raises essentially three grounds for relief in this proceeding. First, Black Elk suggests that, for a variety of reasons, he should not have been subject to a term of conditional release at all under Minnesota law as a result of his offense. (See, e.g., Amended Compl., [Docket No. 11], at ¶¶ 52–53). However, Black Elk's various arguments on this point, including his argument that conditional release is a "new charge" for which additional procedures or findings of fact are necessary, lack merit.

A 10-year term of conditional release was imposed on Black Elk after he pleaded guilty to fourth-degree criminal sexual conduct in 2010. See, State v. Black Elk, No. 27-CR-10-30011 (Minn. Dist. Ct.). By its plain terms, "when a court commits an offender to the custody of the commissioner of corrections for a violation of section . . . 609.345 . . . the court shall provide that, after the offender has been released from prison, the commissioner shall place the offender on conditional release for ten years." Minn. Stat. § 609.3455, subd. 6. The imposition of the term of conditional release was therefore a straightforward application of § 609.3455 in Black Elk's case. Despite Black Elk's assertions and arguments to the contrary, conditional release is not a "new charge" for which additional procedures or findings of fact are necessary. (See, Amended Compl., [Docket No. 11], at ¶ 53). Instead, it is simply an aspect of the sentence imposed for the offense for which Black Elk pleaded guilty. And there is no allegation that the criminal proceedings themselves violated Black Elk's federal due process rights, and it would in any event be far too late for Black Elk to seek to have his criminal conviction invalidated. See, 28 U.S.C. § 2244(d).

Second, Black Elk alleges that the terms of his conditional release unlawfully coerce him into complying with sex-offender treatment, as failure to comply with treatment amounts to a violation of the terms of his conditional release and may therefore result in the revocation of his conditional release and return to prison. Never, though, does Black Elk allege how the requirement that he complete sex-offender treatment violates his constitutional rights. The mere fact that the State of Minnesota imposes treatment as a condition of release from incarceration does not, by itself, amount to a constitutional violation; this is, after all, the entire point of conditional release—that defendants abide by conditions under the potential penalty of revocation. Without further allegations regarding the specific constitutional rights infringed due to the condition requiring treatment, Black Elk's claim is insufficiently pleaded.

Third, Black Elk alleges that the conditions imposed by the Minnesota registration statute, § 243.166, amount to a violation of his Fourth, Fifth, and Fourteenth Amendment rights. These constitutional claims have been squarely rejected previously as raised against the Minnesota registration statute, including by the Eighth Circuit Court of Appeals. See, e.g., Larson v. Roy, No. 12-cv-707 (MJD/AJB), 2013 WL 3280247, *5–8 (D. Minn. June 26, 2013) (citing Gunderson v. Hvass, 339 F.3d 639, 643 (8th Cir. 2003)). Thus, Black Elk's claims fail as a matter of law.

For the reasons discussed herein, it is recommended that this matter be dismissed and Black Elk's IFP application denied. Black Elk's claim regarding the condition of treatment amounting to a violation of his constitutional rights is at least theoretically amenable to repleading and therefore should be dismissed *without* prejudice; amendment of Black Elk's other claims would be futile, and those claims should therefore be dismissed *with* prejudice. See, Pet Quarters, Inc. v. Depository Trust & Clearing Corp., 559 F.3d 772, 782 (8th Cir. 2009) (dismissal with

prejudice for failure to state a claim upon which relief may be granted is not abuse of discretion when amendment of the complaint would be futile).

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) as follows:

    a. The claim regarding the condition of treatment amounting to a violation of constitutional rights be **DISMISSED without prejudice**.

    b. All other claims **DISMISSED with prejudice**.

2. Plaintiff Austin Black Elk's application to proceed *in forma pauperis*, [Docket No. 2], be **DENIED as moot**.

Dated: June 3, 2019                s/Leo I. Brisbois_____
                                    Hon. Leo I. Brisbois
                                    United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).