# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Austin Black Elk,                      Civil No. 18-3255 (DWF/LIB)

           Plaintiff,

v.                                      **ORDER ADOPTING REPORT**
                                         **AND RECOMMENDATION**

Paul Schnell, et al.,

           Defendants.

This matter is before the Court upon Plaintiff Austin Black Elk's ("Plaintiff") objections (Doc. No. 13 ("Pl. Obj.")) to Magistrate Leo I. Brisbois's June 4, 2019 Report and Recommendation (Doc. No. 12 ("R&R")). Due to the procedural status of this case, the Court received no response to Plaintiff's objections.[1] The Court has conducted a *de novo* review of the record, including a thorough review of Plaintiff's objections, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b).

The factual background for the above-entitled matter is clearly and precisely set forth in the R&R and is incorporated by reference for purposes of Plaintiff's objections. The Magistrate Judge found that Plaintiff failed to state a claim upon which relief may be granted and recommended that: (1) Plaintiff's claim that the requirement to comply with sex-offender treatment as a condition of his release is a violation of his constitutional rights be dismissed without prejudice, and (2) all other claims be dismissed with

---

[1]      Defendants have not been served with process.

prejudice.² For the reasons set forth below, the Court respectfully overrules Plaintiff's objections and affirms the R&R in its entirety.

The Magistrate Judge correctly explained that when reviewing whether a complaint states a claim upon which relief may be granted, the Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in Plaintiff's favor. (R&R at 3 (citing *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008)).) The Magistrate Judge also thoroughly detailed that the complaint must state a claim to relief that is plausible on its face, and that while *pro se* complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced. (R&R at 3.) Magistrate Judge Brisbois concluded that Plaintiff's claims are insufficiently pleaded because: (1) a civil detainee in Minnesota may not seek relief under a California statute; (2) there is no legal basis for Plaintiff's allegation that he was denied due process when Plaintiff does not contest his underlying conviction and the violations Plaintiff complains of were an aspect that conviction; (3) Plaintiff's constitutional claims with respect to the conditions imposed by Minn. Stat. § 243.166 fail as a matter of law because they have been raised previously and squarely rejected by the Eighth Circuit; and (4) Plaintiff fails to allege how the requirement that he complete sex-offender treatment as a condition of his release violates his constitutional rights.

Plaintiff first argues that he is entitled to relief under the "Bane Act," and that the Magistrate Judge incorrectly concluded that the "Bane Act" has no applicability to this

---

² ccordingly, the Magistrate Judge also recommended that Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) be denied as moot.

case. (Pl. Obj. at 1-4.) The Magistrate Judge presumed, and the Court agrees, that the "Bane Act" is a reference to the Tom Bane Civil Rights Act, Cal. Civ. Code § 52.1. The Court agrees with the Magistrate Judge that a California statue has no applicability to a case involving a Minnesota-resident civil detainee suing agents of the state of Minnesota based on the application of Minnesota laws. While Plaintiff argues that the California statute applies broadly to non-California residents outside the state of California, a California statue is not analogous to decisions of the United States Supreme Court or other sources of federal law. (*See* Pl. Obj. at 2.) Accordingly, Plaintiff does not qualify for relief under the "Bane Act."

Plaintiff also contends that the conditional-release and registration requirements imposed by Minnesota law violate his federal constitutional rights, and objects to the Magistrate Judge's interpretation of his claims. (*See* Pl. Obj. at 5-6.) Plaintiff argues that the Magistrate Judge improperly inferred that Plaintiff was properly indicted with a "new charge," when in actuality, a "new charge" was imposed on him as a result of his conditional release. (*Id.*) Plaintiff therefore alleges that his constitutional rights were violated because he was not indicted for the "new charge" and did not receive the due process protections. (*Id.*) Despite Plaintiff's objection, the Magistrate Judge's correct analysis still applies. The Magistrate Judge correctly stated that conditional release and registration requirements are not new charges, but rather an aspect of Plaintiff's earlier sentence. (R&R at 4-5.) Plaintiff concedes that he is not challenging his underlying conviction or sentence. (Pl. Opp. at 4.) Accordingly, the Court agrees with the Magistrate Judge that there is no legal basis for Plaintiff's claim.

Plaintiff's remaining objections on this point center on due process violations resulting from stigmatization he feels caused by the conditions of his sex-offender treatment program and repercussions of the Minnesota registration statute, Minn. Stat. § 243.166. (Pl. Obj. at 6.) Nonetheless, the Eighth Circuit has expressly rejected this kind of constitutional challenge. *See Gunderson v. Hvass*, 339 F.3d 639, 644-645 (8th Cir. 2003) (holding that damage to reputation caused by mandatory registration is not sufficient to invoke due process protections, and the burden of registration requirements is too minimal to trigger a heightened due-process analysis). Therefore, the Court agrees with the Magistrate Judge that these claims fail as a matter of law.

It does not appear that Plaintiff objects to the Magistrate Judge's recommendation that Plaintiff amend his claim with respect to his allegation that the terms of his release unlawfully coerce him to comply with sex-offender treatment. (*See* Pl. Obj. at 7-8.) The Court agrees with the Magistrate Judge's analysis and finding that as pleaded, Plaintiff fails to properly allege *how* the requirement that he complete sex-offender treatment violates his constitutional rights. The Magistrate Judge observed that the condition of treatment could at least theoretically amount to a violation of Plaintiff's constitutional rights. Accordingly, he recommended that this claim should be dismissed without prejudice so that Plaintiff may replead if he desires. The Magistrate Judge recommended that all other claims be dismissed with prejudice because it would be futile to amend them. The Court agrees.

Based upon the *de novo* review of the record, a careful review of Plaintiff's objections, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Plaintiff Austin Black Elk's objections (Doc. No. [13]) to Magistrate Judge Leo I. Brisbois's June 4, 2019 Report and Recommendation are **OVERRULED**.

2. Magistrate Judge Leo I. Brisbois's June 4, 2019 Report and Recommendation (Doc. No. [12]) is **ADOPTED**.

3. This matter is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted as follows:

    a. The claim that it is a constitutional violation to comply with sex-offender treatment as a condition of release is **DISMISSED WITHOUT PREJUDICE**.

    b. All other claims are **DISMISSED WITH PREJUDICE.**

4. Plaintiff Austin Black Elk's application to proceed *in forma pauperis* [Doc. No. 2] is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 26, 2019         s/Donovan W. Frank
                               DONOVAN W. FRANK
                               United States District Judge